# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIL J. WINSTON, | ) | CASE NO. 4:18 CV 1974 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| MARK WILLIAMS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Virgil J. Winston filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Federal Correctional Institution, having been convicted in 2006 in the United States District Court for the District of Kansas of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He contends his sentence was enhanced under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924 (e), and § 4B1.4 of the United States Sentencing Guidelines ("USSG"). In his Petition, he asserts his conviction in Missouri for second degree burglary was used as a crime of violence to obtain the enhancement. He claims the United States Eighth Circuit Court of Appeals held in April 2018 that second degree burglary in Missouri is not a crime of violence under the ACCA. He contends this decision came out after he had already sought and was denied relief through

direct appeal and a Motion to Vacate under 28 U.S.C. § 2255. He seeks resentencing and release from prison.

# I. LAW AND ANALYSIS

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

**Discussion**

The Petition here must be dismissed because Petitioner is not entitled to relief under § 2241. A challenge to the validity of a federal conviction or sentence is generally brought as a Motion to Vacate pursuant to 28 U.S.C. § 2255, whereas a Petition concerning the manner or execution of a sentence is appropriate under § 2241. *See Hill*, 836 F.3d at 594. *See also Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *United States v. Peterman*, 249 F.3d 458, 461 (6th

Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-756 (6th Cir. 1999). Unlike § 2241, § 2255 proscribes the filing of "second or successive motion" for relief unless a Petition (1) contains newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) is based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). *See also Hill*, 836 F.3d at 594.

When a Petitioner seeks to file a successive Habeas Petition but cannot meet the requirements of the § 2255(h) exception for second or successive petitions, the Petitioner may look to the 'savings clause' of § 2255(e) for recourse. *Hill*, 836 F.3d at 594. This savings clause is available, however, only when the Petitioner can show that § 2255 provides an "inadequate or ineffective" means of testing the legality of his detention. 28 U.S.C. § 2255(e). *See Hill*, 836 F.3d at 594; *Wooten,* 677 F.3d at 307; *Peterman*, 249 F.3d at 461-62.

The Sixth Circuit has made clear that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the Petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the Petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citing cases). *See also Hill*, 836 F.3d at 594; *Wooten*, 677 F.3d at 307. Indeed, the Sixth Circuit has noted "the circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. *See also Hill*, 836 F.3d at 594. The Petitioner bears the burden to establish that the savings clause applies to his Petition. *See Hill*, 836 F.3d at 594.

The Sixth Circuit has long held that, on a successive challenge to a *conviction,* a Petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is "actually innocent." *See Wooten*, 677 F.3d at 307; *Peterman,* 249 F.3d at 461-462; *Charles,* 180 F.3d at 757. Where a Petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law;" (2) "issued after the Petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions;" (3) that is retroactive; and (4) applies to the Petitioner's merits such that it is "more likely than not that no reasonable jurist would have convicted" the Petitioner. *Wooten*, 677 F.3d at 308. *See also Hill*, 836 F.3d at 594-595.

Until recently, the Sixth Circuit had held that "claims involving 'actual innocence of a *sentencing enhancement* cannot be raised under § 2241." *See e.g., Jones v. Castillo*, 489 Fed. Appx. 864, 866 (6th Cir. 2012) (emphasis added). *See also Dowell v. Quintana*, 2017 U.S. App. Lexis 23409 at * 3 (6th Cir. Nov. 17, 2017). In *Hill, supra*, the Sixth Circuit created an exception to this rule, to allow a Petitioner to use § 2241 to challenge a sentencing enhancement if he can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595, 599. The Court cautioned, however, that this exception applies only to a "narrow subset" of Petitions, explaining:

> In authorizing a petition under § 2241, we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre- *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

The circumstances articulated in Hill do not apply here. Petitioner was not sentenced under the mandatory guidelines regime pre-*United States v. Booker*. He was sentenced in 2006, after *Booker* was decided. Petitioner failed to demonstrate he may bring this Petition pursuant to § 2241. *See Pittman v. Quintana,* 2017 WL 6759113 at * 2 (6th Cir. Sept. 18, 2017) (finding Petitioner "does [not] meet the narrow requirements recognized in *Hill*, because Pittman was sentenced in 2012, seven years after the Supreme Court's decision in *Booker*.").

## **II. CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: December 21, 2018